UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JESUS CHAVEZ MUNOZ,

      Petitioner,

v.                                                Case No. 1:08-CV-246
                                                 (Criminal Case No. 1:06-CR-196-02)

UNITED STATES OF AMERICA,

                                                 HON. GORDON J. QUIST

      Respondent.

_____/

## OPINION

This Court has before it Jesus Chavez Munoz's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the following reasons, Petitioner's motion will be dismissed.

**I.    Procedural History**

On August 17, 2006, Petitioner, along with three other co-defendants, was charged by a grand jury with conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). On November 16, 2006, Petitioner pled guilty before Magistrate Judge Scoville. There was no plea agreement. Judge Scoville issued a Report and Recommendation, and this Court accepted Petitioner's guilty plea on December 6, 2006. Petitioner's sentencing was initially scheduled on March 7, 2007, but was rescheduled after his attorney sought an adjournment to research Petitioner's prior conviction in Texas. At his April 18, 2007, sentencing hearing, Petitioner requested and was granted new counsel. The sentencing hearing was rescheduled again to May 29, 2007. On that date, this Court sentenced Petitioner to 108 months incarceration. Judgment was entered on May 31, 2007. Petitioner did not file an appeal

with the Court of Appeals for the Sixth Circuit. On March 13, 2008, Petitioner filed his motion under 28 U.S.C. § 2255. The motion is timely.

In his § 2255 motion, Petitioner raises two claims. First, he claims that his counsel was ineffective because counsel failed to file an appeal after Petitioner requested that he do so. Second, he claims that his counsel was ineffective because he did not file a motion to dismiss Petitioner's indictment based on a speedy trial violation.

## II.     Ineffective Assistance of Counsel Claims

### 1.     Failure to File an Appeal

In *Regalado v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003), the Court of Appeals for the Sixth Circuit restated the test for determining whether counsel was ineffective for failing to file an appeal.

> *Roe v. Flores-Ortega*, 528 U.S. 470, 120, S.Ct. 1029, 145 L.Ed.2d 985 (2000), announced that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 674 (1984). *See Roe*, 528 U.S. at 477, 120 S.Ct. 1029. The inquiry requires that a court first ask whether the trial counsel's performance fell below the reasonably accepted professional standard. Put another way, the court must assess whether "counsel's performance was constitutionally deficient such that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir.2001). In assessing the attorney's conduct under *Strickland*'s first prong, the Supreme Court said that "courts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct,' and 'judicial scrutiny of counsel's performance must be highly deferential.'" *Roe*, 528 U.S. at 477, 120 S.Ct. 1029 (citations omitted). The second component of the *Strickland* inquiry requires the court to determine whether the "counsel's deficient performance prejudiced the defendant." *Id*. To establish this prejudice, the petitioner must "demonstrat[e] that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Magana*, 263 F.3d at 547 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

> . . . The Court . . . state[d] that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed to do so. *Roe*, 528 U.S. at 477 . . . .
>
> Nevertheless, the *Roe* Court rejected a per se rule that an attorney must always file an appeal unless specifically told otherwise, and determined that when the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal. *Id.* at 478, 120 S.Ct. 1029. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). If, on the other hand, the counsel failed to consult with her client, then the court must address whether the failure to consult, by itself, is indicative of deficient performance. *See id.*

*Regalado*, 334 F.3d at 524-25.

The Court finds that Petitioner's counsel was not deficient under the first *Strickland* prong. Here, there is a dispute over whether Petitioner explicitly requested that his counsel file an appeal. Petitioner has not filed a sworn affidavit. Rather, in the body of his § 2255 motion itself he asserts only that "[t]he petitioner in this case asked his counsel to file an appeal on his behalf. Counsel failed to as much as to file a notice of appeal, even after the petitioner requested counsel to do so." Petitioner does not provide any other facts. He does not describe the circumstances under which the request was made, does not describe where or when it was made, and does not explain what grounds he would have had for an appeal. (Pet. Mot. at 7.)

In contrast, his attorney, Thomas J. Hirsch, has provided a very thorough affidavit that contradicts the Petitioner. The affidavit states:

2.  I have reviewed my file for Mr. MUNOZ.

3.  I also have an independent recollection of meeting with Mr. MUNOZ in the lockup in the Federal Court building immediately after the sentencing in Grand Rapids Michigan.

3

4.  During that meeting with Mr. MUNOZ in the lockup in the Federal Court building immediately after the sentencing:

    a.  I advised Mr. MUNOZ of his right to an appeal.
    b.  I advised Mr. MUNOZ that I would filed [sic] an appeal for him if he desired.
    c.  I advised Mr. MUNOZ that I did not believe that he would likely be successful in his appeal in that:

        i.  the sentence was within the sentencing guideline range, and
        ii. the Judge gave reasons for imposing the sentence that was imposed.
        iii. Further I could not think of any other grounds that would be appropriate for appeal beyond the possible issue of sentencing.

    d.  In light of my conclusions as stated in paragraph 4(c) above Mr. MUNOZ stated that he did not see any reason to appeal.

    e.  I advised Mr. MUNOZ to call me immediately if he changed his mind.

    f.  Mr. MUNOZ had previously called me at my office so that we could discuss the decision he had to make as to withdrawing his plea or going forward with sentencing.

        i.  I knew that Mr. MUNOZ knew how to contact me by telephone.

        ii. I knew that Mr. MUNOZ and I were able to communicate effectively by telephone without the need of an interpreter.

    g.  At no time after sentencing, even to this date, has Mr. MUNOZ ever called me about appealing nor has he ever written me about appealing this case.

(Hirsch Aff. at 2-3.)

In his Reply (Docket No. 9), Petitioner fails to provide a signed affidavit setting forth the circumstances under which he explicitly requested that Mr. Hirsch file an appeal. Rather, he again makes conclusory statements objecting to Mr. Hirsch's affidavit, but not providing specific facts for the Court. For example, in asking the Court to strike Mr. Hirsch's affidavit and schedule an evidentiary hearing, Petitioner states in his Reply that:

4

> Mr. Thomas J. Hirsch, never said one word to me about whether or not he would file me a notice of appeal on my behalf, plus i never told Mr. Thomas J. Hirsch, that I did not see any reason to file an appeal, I am not an Attorney I would'nt know if it was something to appeal all I knew is that I wanted to appeal because I may have gotten a lesser sentence on appeal, he never told me to call him immediately if I changed my mind because this statement is simply not true, the petitioner also needed an interpreter to effectively communicate with my court appointed counsel, in fact the petitioner left the court house thinking that an appeal would be filed on my behalf, however, I was wrong.

(Reply at 2.) (errors in original).

The Court finds Petitioner's bald assertions to be incredible and instead relies on Hirsch's detailed affidavit to find that Petitioner did not explicitly request his counsel to file an appeal. *See Cummings v. United States*, 84 F.App'x 603, 605 (6th Cir. 2003) ("the district court did not commit clear error by crediting counsel's affidavit, insofar as it indicated that [Petitioner] had not asked him to file an appeal."); *Odom v. United States*, No. 99-5506, 99-5768, 2000 WL 1175598, at *3 (6th Cir. Aug. 9, 2000) (holding that district court did not clearly err in crediting defense counsel's affidavit over that of Petitioner); *Cross v. United States*, 73 F.App'x 864, 865 (6th Cir. 2003); *McKee v. United States*, 167 F.3d 103, 108 (2d Cir. 1999) (court may accept affidavits from attorneys accused of rendering ineffective assistance of counsel to their criminal clients).

Furthermore, absent a signed affidavit setting forth specific facts, the Court finds that no evidentiary hearing is required. The Sixth Circuit has observed that a § 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is "relatively light." *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003). However, no hearing is required if the petitioner's allegation cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements or fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, the Court finds that Petitioner has not met this burden and an evidentiary hearing is not warranted.

5

Because the Court finds that no appeal was specifically requested, the next step under *Regalado* is to determine whether counsel consulted with his client about a possible appeal. *Regalado*, 334 F.3d at 525. In this situation, the Court relies on the Hirsch affidavit to find that consultation occurred. Therefore, Petitioner's counsel was not deficient under the first *Strickland* prong.

Furthermore, under the second *Strickland* prong, Petitioner was not prejudiced by his counsel's conduct. Petitioner has not demonstrated that, but for his counsel's conduct, he would have filed an appeal. *See Roe*, 528 U.S. at 486, 120 S. Ct. at 1040. It is unlikely that Petitioner would have sought an appeal because he had no meritorious claims. *See id.* (the court may consider whether the claims have merit in determining whether it is likely that the Petitioner would have filed an appeal). He admitted to the quantity of drugs, (Plea Tr. at 37), and was sentenced at the proper level. Because counsel's conduct was not deficient, and because Petitioner suffered no prejudice, Petitioner's claim for ineffective assistance of counsel must fail.

### 2. Failure to Move for Dismissal Based on Speedy Trial Act Violation

Petitioner's claim that his counsel was ineffective for failing to move for the dismissal of Petitioner's indictment based on a Speedy Trial Act violation is without merit and must be dismissed.

The Speedy Trial Act provides that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, *or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs*." 18 U.S.C. § 3161(c)(1) (emphasis added)  There are several pretrial delays that are excluded from this time frame. 18 U.S.C. § 3161(h).

6

Here, Petitioner was charged by way of indictment on August 17, 2006, and made his first appearance in the Western District of Michigan on September 28, 2006. Petitioner's trial was scheduled for November 28, 2006, 61 days after his initial appearance. He tendered his plea of guilty before a Magistrate Judge on November 16, 2006, and this Court accepted his plea on December 6, 2006. Thus, even counting every day from Petitioner's initial appearance on September 28, 2006, until his guilty plea was accepted on December 6, 2006, only 69 days had passed. This was within the 70-day window required by the Act.

### III. No Certificate of Appealability.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *See id.* Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED WITH PREJUDICE. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: June 4, 2008 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE